**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YULIN WANG,

    Petitioner,

v.

LORETTA E. LYNCH, Attorney General

    Respondent.

No. 11-71208

Agency No. A099-401-948

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2015[**]
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,[***] District Judge.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Petitioner Yulin Wang petitions for review of a Board of Immigration Appeals (BIA) decision. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Wang, a citizen of the People's Republic of China (PRC), admits that he overstayed his tourist visa but argues that the Immigration Judge (IJ) erred in denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Wang claims to be avoiding persecution in the PRC on the basis of his resistance to the country's one-child policy, and for his Buddhist religion. The IJ, as affirmed by the BIA without opinion, determined that Wang did not offer credible evidence.

When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action. Zehatye v. Gonzales, 453 F.3d 1182, 1184 (9th Cir. 2006); see also 8 C.F.R. § 1003.1(e)(4)(ii). We review legal questions de novo and factual findings for substantial evidence. Kumar v. Holder, 728 F.3d 993, 998 (9th Cir. 2013). An adverse credibility finding is also reviewed for substantial evidence. See Singh v. Ashcroft, 362 F.3d 1164, 1168 (9th Cir. 2004). The substantial evidence standard is "extremely deferential: administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to

conclude to the contrary." Lianhua Jiang v. Holder, 754 F.3d 733, 738 (9th Cir. 2014) (internal quotation marks omitted).

Because Wang filed his applications after May 11, 2005, the REAL ID Act governs the IJ's credibility determination. "Under the REAL ID Act, the IJ may base an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a 'bearing on a petitioner's veracity.'" Ren v. Holder, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting Shrestha v. Holder, 590 F.3d 1034, 1044 (9th Cir. 2010)). "[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." Ren v. Holder, 648 F.3d 1079, 1089 (9th Cir. 2011).

Wang's testimony and evidence were plagued by inconsistencies and implausibilities. Wang at first testified that he obtained a passport prior to his arrest and detention for hosting a religious gathering. He later conceded that he obtained the passport shortly after his arrest, and gave varying accounts as to how he was able to obtain travel documentation so soon after his detention. Wang offered little support of either present religious affiliations, and the evidence of his identity and employment histories was inconsistent. The government has been unable to verify the authenticity of much of Wang's documentation, and the

testimony about when and how Wang obtained those documents was again inconsistent. Substantial evidence supports the IJ's conclusion that Wang was not a credible witness. The other evidence in the record does not compel us to overturn the IJ's determination that Wang failed to carry his burden of proving eligibility for asylum or withholding of removal. Accordingly, substantial evidence supports the denial of Wang's application for asylum and withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the IJ's denial of CAT protection. Substantial evidence supports the IJ's conclusion that Wang's testimony was not credible, and country condition reports in the record do not compel a contrary conclusion either as to Wang's credibility or his ineligibility for CAT relief. *Id.* at 1157.

**Petition DENIED**.